✎AO 241
(Rev. 10/07)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 24 2016 Page 2
LONG ISLAND OFFICE

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern |
|---|---|

| Name (under which you were convicted): Ulises Bonilla | Docket or Case No.: |
|---|---|

| Place of Confinement : Green Haven | Prisoner No.: 12-A-2559 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Ulises Bonilla      v.    Thomas Griffin | |

The Attorney General of the State of

**CV 16 3676**

**PETITION**

BIANCO, J.
LOCKE, M. J.

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:
Supreme Court / State of New York, Nassau County

   (b) Criminal docket or case number (if you know): 202/2011

2.   (a) Date of the judgment of conviction (if you know): June 15, 2002

   (b) Date of sentencing: June 12, 2002

3.   Length of sentence: 31 yrs. to Life

4.   In this case, were you convicted on more than one count or of more than one crime?     ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:
25 yrs. to Life for Murder in Second degree; 7 1/2 yrs with
20 yrs of Post release Supervision (PRS) for Rape Conviction

6.   (a) What was your plea? (Check one)

   ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: Appellate Division / Second Dept.

(b) Docket or case number (if you know): 2012/05037

(c) Result: Judgement Affirmed

(d) Date of result (if you know): April 15, 2015

(e) Citation to the case (if you know): 127 AD3d 985 (AD 2Dept. 2015)

(f) Grounds raised:

See, attached Page 1

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: New York Court of Appeals

(2) Docket or case number (if you know):

(3) Result: Certificate Denying Leave Issued

(4) Date of result (if you know): July 29, 2015

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know): 25 NY3d 1198 (2015) (Fahey, J.)

(6) Grounds raised: Same as question 9(f)

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  N/A  ☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

✎AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information: N/A

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? N/A

❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? N/A

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☐ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:     ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellete Division rendered a decision that was an unreasonable application of clearly established federal law, when it found that it was legally sufficient to establish Petitioner's guilt.

(b) If you did not exhaust your state remedies on Ground One, explain why:   Claim is fully exhausted

✎AO 241
(Rev. 10/07)

(c)    **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes    ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? N/A

          ☐ Yes    ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☐ No

      (4) Did you appeal from the denial of your motion or petition?      ☐ Yes    ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Appellate Division rendered a decision that was an unreasonable application of Clearly established federal Law; When it found that Petitioner did not unequivocally request the assistance of Counsel before Making statements to law enforcement officials.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Claim fully exhausted

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes       ☐  No

(2) If you did **not** raise this issue in your direct appeal, explain why: N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? N/A

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

✎AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?   N/A

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**   N/A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐   Yes    ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ☑ Yes    ☐ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

           ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?    ☐ Yes    ☑ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?    ☐ Yes    ☑ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

        raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: Daniel L. Millman / 316A Main St. Roslyn, NY 11576

   (a) At preliminary hearing: Same

   (b) At arraignment and plea:

   (c) At trial: Same

   (d) At sentencing: Same

   (e) On appeal: Andrew E. MacASkill 1400 Old Country Road / Suite 309 / Westbury, NY 11590

   (f) In any post-conviction proceeding: N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   This Petition is being filed timely.

✎AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

     (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Petition granted and charges dismissed. Alternatively Petition granted and new trial Ordered*

or any other relief to which petitioner may be entitled.

_____
*Pro-Se*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the ~~prison~~ mailing system on *June 23, 2016* (month, date, year).

Executed (signed) on *June 23, 2016* (date).

_____
*Uleses Bonilla*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

---

## PETITION FOR A WRIT OF HABEAS CORPUS
## 28 U.S.C. SECTION 2254

____CV____

---

### ULISES BONILLA,

PETITIONER,

-AGAINST-

### THOMAS GRIFFIN, SUPT. OF GREEN HAVEN
### CORRECTIONAL FACILITY,

RESPONDENT.

---

PERFECTED BY:

PRESTIGE PARALEGAL SERVICES LLC
P.O. BOX 226
BRONX, NEW YORK 10462



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 4 2016 ★



BROOKLYN OFFICE

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . .   i-iii

TABLE OF AUTHORITIES . . . . . .   iv-v

PRELIMINARY STATEMENT . . . . . .   1

STATEMENT OF FACTS . . . . . . .   2

    Introduction . . . . . . .   2

    Pre-Trial Hearings . . . . .   5

    The Trial . . . . . . .   6

    The Verdict & Sentence . . . .   6

PROCEDURAL HISTORY . . . . . . .   7

    Direct Appeal . . . . . . .   7

    The Instant Petition . . . .   10

QUESTIONS PRESENTED

WHETHER THE APPELLATE DIVISION RENDERED
A DECISION THAT WAS AN UNREASONABLE APPLICLATION
OF CLEARLY ESTABLISHED FEDERAL LAW, WHEN IT FOUND
THAT IT WAS LEGALLY SUFFICENT TO ESTABLISH
PETITIONER'S GUILT? 28 USC
§2254(d)(1); U.S. CONST. AMENDS. VI, XIV . .   11

WHETHER THE APPELLATE DIVISION RENDERED A DECISION
THAT WAS AN UNREASONABLE APPLICATION OF CLEARLY
ESTALBISHED FEDERAL LAW, WHEN IT FOUND THAT
PETITIONER DID NOT UNEQUIVOCALLY REQUEST THE
ASSISTANCE OF COUNSEL BEFORE MAKING STATEMENTS
TO LAW ENFORCEMENT OFFICIAL? 28 USC
§2254(d)(1); U.S. CONST. AMENDS. VI, XIV . .   11

    I.  Federal Court's Review Of State Court's
       Decisions Under The Antiterrorism And
       Effective Death Penalty Act Of 1996
       (AEDPA) . . . . . . .   11

### *Contin.* TABLE OF CONTENTS

**PAGE**

A.   Standard of Review  .    .    .    .    .    .    11

II. Exhaustion .    .    .    .    .    .    .    .    13

A.   Legal Standards.    .    .    .    .    .    13

CONCLUSION    .    .    .    .    .    .    .    .    15

MEMORANDUM OF LAW    .    .    .    .    .    .    .    1

POINT I

THE APPELLATE DIVISION RENDERED
A DECISION THAT WAS AN UNREASONABLE APPLICLATION
OF CLEARLY ESTABLISHED FEDERAL LAW, WHEN IT FOUND
THAT IT WAS LEGALLY SUFFICENT TO ESTABLISH
PETITIONER'S GUILT?  28 USC §2254(d)(1);
U.S. CONST. AMENDS. VI, XIV  .    .    .    .    .    1

I.   The Murder Conviction Was Legally
     Insufficient   .    .    .    .    .    .    .    1

II.  The Appellate Division Rendered A Decision
     That Was Based On An Unreasonable
     Application Of Clearly Established
     Federal Law   .    .    .    .    .    .    .    9

III. The People Failed to Prove Petitioner's
     Guilt of First-Degree Rape    .    .    .    9

IV.  The Appellate Division Rendered A Decision
     That Was Based On An Unreasonable
     Application Of Clearly Established
     Federal Law   .    .    .    .    .    .    .    14

POINT II

THE APPELLATE DIVISION RENDERED A DECISION
THAT WAS AN UNREASONABLE APPLICATION OF CLEARLY
ESTALBISHED FEDERAL LAW, WHEN IT FOUND THAT
PETITIONER DID NOT UNEQUIVOCALLY REQUEST THE
ASSISTANCE OF COUNSEL BEFORE MAKING STATEMENTS

## *Contin.* TABLE OF CONTENTS

**PAGE**

TO LAW ENFORCEMENT OFFICIAL. 28 USC
§2254(d)(1); U.S. CONST. AMENDS. VI, XIV     .     .     15

    I.   Motion to Dismiss  .    .    .    .    .     15

    II.  The Appellate Division Rendered A Decision
        That Was Based On An Unreasonable
        Application Of Clearly Established
        Federal Law  .    .    .    .    .    .     17

    III  Petitioner Invokes His Fifth-Amendment
        Right To Counsel  .    .    .    .    .     17

CONCLUSION    .    .    .    .    .    .    .    .     23

# TABLE OF AUTHORITIES[1]

## STATE CASES

PAGE

*People v. Benevento,* 91 NY2d 708 (1998) .    .    .    14

*People v. Bonilla,* 127 AD3d 985
(A.D. 2 Dept. 2015)    .   .   .   .   .   .    9,14,17

*People v. Buxton,* 44 NY2d 33 (1978)    .   .   .    20

*People v. Clerk,* 45 NY2d 432 (1978)    .   .   .    21

*People v. Contes,* 60 NY2d 620 (1983)    .   .   .    9

*People v. Dehmler,* 188 AD2d 1056
(A.D. 4 Dept. 1992)    .   .   .   .   .   .    17

*People v. Diaz,* 161 AD2 789    (A.D. 2 Dept. 1990) .    17

*People v. Esposito,* 68 NY2d 961 (1986) .   .   .    20

*People v. Garafolo,* 44 AD2d 86
(A.D. 2 Dept. 1974)    .   .   .   .   .   .    5

*People v. Jones,* 21 AD3d 429 (A.D. Dept. 2005)    .    20

*People v. Kolupa,* 13 NY3d 786 (2009)    .   .   .    2

*People v. Maerling,* 64 NY2d 134 (1984) .   .   .    16

People v. Pinkney, 48 AD3d 707
(A.D. 2 Dept. 2008) .   .   .   .   .   .   .    17

*People v. Porter*, 9 NY3d 967 (2007)    .   .   .    20

*People v. Romero,* 7 NY3d 633 (2006)    .   .   .    14

*People v. Sanchez*, 117 AD2d 685
(A.D. 2 Dept. 1986)    .   .   .   .   .   .    17

*People v. Taylor,* 126 AD3d 1018
(A.D. 2 Dept. 2015) .   .   .   .   .   .   .    2,14

*People v. Torpey,*    63 NY2d 361 (1984) .   .   .    13

---

[1] The Table to Authorities only apply to the Memorandum of Law.

### *Contin.* TABLE OF AUTHORITIES

*People v. Woodard,* 64 AD2d 517
(A.D. 1 Dept. 1978) .   .   .   .   .   .   .    21

## FEDERAL CASES                    PAGE

*In re Winship,* 397 US 358 (1970)  .   .   .   .   1

*Harris v. New York,* 401 US 222 (1971)  .   .   .   16

*Jackson v. Virginia,* 443 U.S. 307 (1979)  .   .   1,2,9

*Knapp v. Leonardo,* 46 F.3d 170 (2 Cir. 1995) .   .   2

*Maldonado v. Scully,* 86 F.3d 32 (2 Cir. 1996)  .   .   2

*McMann v. Richardson,* 397 U.S. 759 (1970)  .   .   11

*Mincey v. Arizona,* 437 US 385 (1978)  .   .   .   16

*Ponnapula v. Spitzer,* 297 F.3d 172 (2 Cir. 2002)  .   2

*Strickland v. Washington,* 466 US 668 (1984)  .   .   11

## STATE STATUTES

Criminal Procedure Law Section 60.45(2)(b)(ii)  .   16

Penal Law Section 130.00(1)  .   .   .   .   .   13

Penal Law Section 130.35 .   .   .   .   .   .   14

## FEDERAL STATUTES

28 USC Section 2254(d)(1)  .   .   .   .   .   1,14,15,
22

## UNITED STATES CONSTITUTION

U.S. Const. amend. VI  .   .   .   .   .   .   1,14,15

U.S. Const. amend. XIV  .   .   .   .   .   .   1,14.15

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ULISES BONILLA,                          :

               Petitioner,            :

    -against-                           :   **PETITION FOR A WRIT**

                          :   **OF HABEAS CORPUS**

THOMAS GRIFFIN, SUPERINTENDENT OF     :
GREEN HAVEN CORRECTIONAL FACILITY,    :

                          :   ____CV____

              Respondent.           :

                          :

---

## PRELIMINARY STATEMENT

Petitioner, Ulises Bonilla ("Petitioner and/or Mr. Bonilla") petitions this Court pursuant to 28 USC §2254, challenging a Judgment of the Supreme Court, Nassau County, rendered June 15, 2012, convicting him, after a jury trial, of one count of murder in the second degree (NY Penal Law § 125.25[1]), one count of rape in the first degree (NY Penal Law § 130.35[3]), two counts of sexual abuse in the first degree (NY Penal Law § 130.65[3]), one count of criminal possession of a weapon in the fourth degree (NY Penal Law § 265.01[2]), and one count of endangering the welfare of a child (NY Penal Law § 260.10[1]).

Mr. Bonilla was sentenced to an indeterminate term of imprisonment of twenty-five years to life for his murder conviction, a determinate prison term of seven and one-half years to be followed by twenty years post-release

supervision for his rape conviction, two determinate prison terms of four years to be followed by ten years post-release supervision for his sexual abuse convictions, and two definite one-year terms for his convictions of criminal possession of a weapon and endangering the welfare of a child. The murder and rape sentences were ordered to run consecutively to each other and concurrently with the remaining sentences (Honorof, J., at hearing; Peck, J., at trial & sentence).

Mr. Bonilla challenges his State court convictions on the premise that the decision rendered by the Appellate Division, Second Judicial Department, resulted in a decision that was either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States, and/or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding. 28 USC § 2254(d)(1)(2).

## STATEMENT OF FACTS

### Introduction

On September 24, 2010, Steven Destina met Jennifer Villatoro and another named Ivan Alcantara at Bunkyreid Park, a block from Jennifer's home in Westbury, finding

2

them seated on a bench by the handball court (T: 433-34, 453, 676-79).[1]

At some point, Mr. Bonilla hit a ball over the fence and began speaking with Jennifer. Stevens would testify at trial that when he observed Mr. Bonilla and Jennifer kissing on the other side of the bathroom, he ran to Jennifer's house to tell Jennifer's mother. Ivan would testify he saw the two enter the bathroom (T: 433-35, 434-35, 679-80).

Later that night, going into September 25, Angel Leon observed his friend, Armando Villatoro, Jennifer's father, not doing good, upset and drinking beer, at a Westbury deli on State Street (T: 472-74). After Mr. Villatoro indicated he would call the police, Mr. Bonilla, at the deli, allegedly began fighting with Mr. Villatoro to the point they had to be separated (T: 475-76, 478).

Four days later, on Tuesday, September 28, 2010, Mr. Bonilla approached Mr. Villatoro's older daughter, Nancy Villatoto Rodriguez, who was then seated in a car in front of the Villatoro home, and asked Nancy where her father was (T: 638-41, 767, 770-72, 933, 934, 961).

---

[1] The letter "T" followed by a page number refer to the trial transcript.

Mr. Villatoro was then observed walking alone, towards his house, on Kinkel Street (T: 641, 773). In front of the house, he and Mr. Bonilla began fighting (T: 484-85, 643-44, 648-49, 654, 774-77, 935-36, 966). At some point, Nancy saw Mr. Bonilla with a "little metal pipe" (T: 775) or tire iron (T: 784). Three "other guys," male Hispanics (T: 656), were seen approaching from different locations (T: 657), one of whom was Misael Berrios, wearing a mask (T: 497, 646, 655-56, 937-38); another was "Johnny." (T: 644-45, 777). Seeing Johnny hit her dad on the legs with a broken broomstick, Nancy began tussling with him, but Johnny hit her dad on the legs with a broken broomstick, Nancy began tussling with him, but Johnny pushed and held her down (T: 777-78).

When someone suggested the police be called, Berrios intervened, saying no one should intervene, that the fight was between Mr. Bonilla and Mr. Villatoro. The masked Berrios fired a gun into the air, causing the crowd that had formed to disperse, and Mr. Villatoro's wife, Susan Villatoro, along with their son Oscar, emerged from the house (T: 486, 497, 500, 646, 649, 655, 780, 787, 789, 806-07, 823, 824, 936-38, 963). Nancy believed Mr. Bonilla had shot her father (T: 787-88, 789, 800).

Bleeding, Mr. Villatoro walked towards his wife's house, collapsing in the front yard (T: 486-90, 513, 781-83, 809, 824-25, 828, 1087-88). The police arrived between 10 and 15 minutes later, with Mr. Villatoro taken by ambulance to the Nassau University Medical Center where he died (T: 514, 542, 554-58, 909).

Using surveillance techniques, the police eventually tracked Mr. Bonilla to Penn Station, in New York City, where he was arrested on November 26, 2010 (T: 1001-03, 1005).

Pre-Trial Hearings

On August 17, 2011, a combined *Huntley* and *Mapp* hearing was conducted (H: 2-3).[2] Upon both sides resting (H: 70), the court called for "letter briefs" from the defense and the People. Such letters were to specifically address two issues: (1) whether Mr. Bonilla's Fifth Amendment right to counsel had been violated where he had requested counsel prior to the administration of *Miranda*, and (2) whether his request for a Spanish interpreter should have been honored by the detective (H: 70-75). Ultimately, the court found Mr. Bonilla "speaks and understands English perfectly well" and had not made an "unequivocal invocation of his right to

---

[2] The letter "H" followed by a page number refer to the *Huntley* and *Mapp* hearing.

counsel," ruling that Mr. Bonilla alleged statements to law enforcement would be "admissible on the People's direct case" (H: 99).

## The Trial

Mr. Bonilla's trial commenced on December 1, 2011, with jury election consuming three days (T: 1, 24-53, 57-82, 83, 84-217, 218, 219-381).

The People filed an application pursuant to NY Criminal Procedure Law ("CPL") Section 50.30 which was granted (T: 922-23). As a result, Misael Berrios would testify to having been given a grant of immunity (T: 949).

## The Verdict & Sentence

On December 20, 2011, the jury convicted Mr. Bonilla of second-degree murder, first-degree rape, two counts of first-degree sexual abuse, one count of fourth-degree criminal possession of a weapon, and endangering the welfare of a child. He was acquitted of the remaining weapon-possession count (T: 1332-35).

On June 15, 2012, the court sentenced Mr. Bonilla to an indeterminate term of imprisonment of twenty-five years to life for his murder conviction, a determinate prison term of seven and one-half years to be followed by twenty years post-release supervision for his rape conviction, two determinate prison terms of four years to be followed by

ten years post-release supervision for his sexual abuse convictions, and two definite one-year terms for his convictions of criminal possession of a weapon and endangering the welfare of a child. The murder and rape sentences were ordered to run consecutively to each other and concurrently with the remaining sentences (S: 19-20).

## PROCEDURAL HISTORY

### Direct Appeal

On or about April 16, 2014, Mr. Bonilla, through assigned counsel, filed a brief with the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. In that brief, counsel raised the following issues:

### POINT I

THE EVIDENCE WAS LEGALLY INSUFFICIENT TO CONVICT DEFENDANT OF SECOND-DEGREE MURDER AS WELL AS THE WEAPONS CHARGE UNDER THE INDICTMENT'S COUNT 5 WHERE NO ONE TESTIFIED TO HAVING SEEN DEFENDANT WITH A SHARP INSTRUMENT OR KNIFE AND WHERE NO EVIDENCE CONNECTED DEFENDANT TO THE KNIFE RECOVERED NEAR THE SCENE.

### POINT II

THE PEOPLE FAILED TO PROVE DEFENDANT GUILTY OF FIRST-DEGREE RAPE BEYOND A REASONABLE DOUBT.

### POINT III

PURSUANT TO A DEFENSE APPLICATION, THE INDICTMENT'S SEXUAL ASSAULT COUNTS

> SHOULD HAVE BEEN SEVERED FROM THE HOMICIDE AND WEAPONS COUNTS WHERE IMPLICATED WERE TWO SEPARATE ALLEGED INCIDENTS, ON DIFFERENT DATES WITH DIFFERENT VICTIMS, AND THE COUNTS OTHERWISE WERE NOT PROPERLY JOINABLE UNDER CPL 200.20.

POINT IV

> DEFENDANT'S RIGHT TO A FAIR TRIAL WAS IMPERMISSBLY COMPROMISED BY THE TRIAL JUDGE'S FAILURE TO SUPPRESS FOR ALL PURPOSES DEFENDANT'S VIDEO-RECORDED STATEMENT TO POLICE DETECTIVES, WHO FAILED TO HONOR DEFENDANT'S REQUEST FOR COUNSEL PRIOR TO QUESTIONING.

*See*, Exhibit – "A", Direct Appeal, dated April 16, 2014, filed by Andrew E. MacAskill, Esq.

On April 15, 2015, the Appellate Division denied Mr. Bonilla's direct appeal. *People v. Bonilla*, 127 AD3d 985 (A.D. 2 Dept. 2015). The Appellate Division found the following:

> The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the record supports the Supreme Court's finding that the defendant did not unequivocally request the assistance of counsel before making statements to law enforcement officials (*see People v. Pinkney,* 48 A.D.3d 707, 707–708, 852 N.Y.S.2d 306; *People v. Thompson,* 271 A.D.2d 555, 706 N.Y.S.2d 136; *People v. Dehmler,* 188 A.D.2d 1056, 1057, 591 N.Y.S.2d 918; *People v. Diaz,* 161 A.D.2d 789, 556 N.Y.S.2d 128; *People v. Sanchez,* 117 A.D.2d 685, 686, 498 N.Y.S.2d 426).

Moreover, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to sever certain counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (*see* CPL 200.20[2][b]; *People v. Bongarzone,* 69 N.Y.2d 892, 895, 515 N.Y.S.2d 227, 507 N.E.2d 1083; *People v. Dobbins,* 123 A.D.3d 1140, 997 N.Y.S.2d 501; *People v. Jackson,* 144 A.D.2d 488, 489, 534 N.Y.S.2d 203). As the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20[3]; *People v. Bongarzone,* 69 N.Y.2d at 895, 515 N.Y.S.2d 227, 507 N.E.2d 1083; *People v. Kirksey,* 107 A.D.3d 825, 966 N.Y.S.2d 682).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v. Contes,* 60 N.Y.2d 620, 621, 467 N.Y.S.2d 349, 454 N.E.2d 932), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and criminal possession of a weapon in the fourth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15[5]; *People v. Danielson,* 9 N.Y.3d 342, 849 N.Y.S.2d 480, 880 N.E.2d 1), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v. Mateo,* 2 N.Y.3d 383, 410, 779 N.Y.S.2d 399, 811 N.E.2d 1053; *People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts, as well as the count of rape in the first degree, was not against the weight of the evidence (*see People v.*

9

*Romero,* 7 N.Y.3d 633, 826 N.Y.S.2d 163, 859
N.E.2d 902).

*See, People v. Bonilla*, 127 AD3d 985.

By certificate dated July 29, 2015, the New York Court
of Appeals denied leave to appeal. *People v. Bonilla*, 25
NY3d 1198 (2015)(Fahey, J.). *See*, Exhibit – "B",
Certificate Denying Leave to Appeal, dated July 29, 2015.

The Instant Petition

As previously mentioned, Mr. Bonilla challenges his
State court convictions on the premise that the decision
rendered by the Appellate Division, Second Judicial
Department, resulted in a decision that was either contrary
to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme court
of the United States, and/or resulted in a decision that
was based on an unreasonable determination of the facts in
light of the evidence presented in State court proceeding.
28 USC §2254(d)(1)(2).

10

<u>QUESTIONS PRESENTED</u>

1). WHETHER THE APPELLATE DIVISION RENDERED A DECISION THAT WAS AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, WHEN IT FOUND THAT IT WAS LEGALLY SUFFICIENT TO ESTABLISH PETITIONER'S GUILT? 28 U.S.C. §2254(d)(1); U.S. CONST. AMENDS. VI, XIV.

2). WHETHER THE APPELLATE DIVISION RENDERED A DECISION THAT WAS AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, WHEN IT FOUND THAT PETITIONER DID NOT UNEQUIVOCALLY REQUEST THE ASSISTANCE OF COUNSEL BEFORE MAKING SATTEMENTS TO LAW ENFORCEMENT OFFICIALS? 28 U.S.C. §2254(d)(1); U.S. CONST. AMENDS. VI, XIV.

I.  <u>Federal Court's Review Of State Courts' Decisions Under The Antiterrorism And Effective Death Penalty Act Of 1996 (AEDPA)</u>.

A. *Standard of Review*

The stringency of federal habeas review turns on whether the state courts have passed on the merits of a petitioner's claim, that is, whether the decision of the highest state court to consider the claim is "based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman,* 261 F.3d 303, 311 (2 Cir. 2001) (discussing 28 USC §2254(d)). If the state court has addressed the merits, the petitioner may obtain relief only if the state court's ruling:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

11

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 USC § 2254(d). *See, e.g., Bell v. Cone,* 535 US 685, 693–94 (2002); *Williams v. Taylor,* 529 US 362, 412–13 (2000) (O'Connor, J., concurring); *Besser v. Walsh,* 601 F.3d 163, 178 (2 Cir. 2010), *vacated on other grounds sub nom. Portalatin v. Graham,* 624 F.3d 69 (2 Cir. 2010) (*en banc* ); *Howard v. Walker,* 406 F.3d 114, 121–22 (2 Cir. 2005); *Brown v. Artuz,* 283 F.3d 492, 498 (2 Cir. 2002).

Clearly established federal law "'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" *Howard,* 406 F.3d at 122 (quoting *Kennaugh v. Miller,* 289 F.3d 36, 42 (2 Cir. 2002)). "[A] decision is 'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decided a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Id.* (quoting *Williams,* 529 US at 413).

What constitutes an "unreasonable application" of settled law is a somewhat murkier proposition. "'A federal court may not grant habeas simply because, in its

12

independent judgment, the "relevant state-court decision applied clearly established federal law erroneously or incorrectly."'" *Id.* (quoting *Fuller v. Gorczyk,* 273 F.3d 212, 219 (2 Cir. 2001) (quoting *Williams,* 529 US at 411)). The Supreme Court observed in *Williams* that "unreasonable" did not mean "incorrect" or "erroneous," noting that the writ could issue under the "unreasonable application" provision only "if the state court identifies the correct governing legal principle from this Court's decisions [and] unreasonably applies that principle to the facts of the prisoner's case." 529 US at 410–13. As implied by this language, "'[s]ome increment of incorrectness beyond error is required ... [H]owever, ... the increment need not be great; otherwise habeas relief would be limited to state court decisions "so far off the mark as to suggest judicial incompetence."'" *Monroe v. Kuhlman,* 433 F.3d 236, 246 (2 Cir. 2006) (quoting *Francis S. v. Stone,* 221 F.3d 100, 111 (2 Cir. 2000)); *accord Richard S. v. Carpinello,* 589 F.3d 75, 80 (2 Cir. 2009).

II. *Exhaustion*

A. *Legal Standards*

The writ may not be granted unless a petitioner has exhausted all available state-court remedies for each claim. *See,* 28 USC § 2254(b)(1)(A). Exhaustion requires

that the factual and legal basis for each claim was "fairly presented to the highest available state court and that the petitioner utilize[d] all available mechanisms to secure appellate review of the denial of that claim." *Gruyair v. Lee,* 2011 WL 4549627, *6 (S.D.N.Y. Oct. 3, 2011) (citing, *inter alia, Galdamez v. Keane,* 394 F.3d 68, 72 (2 Cir. 2005); *Torres v. McGrath,* 407 F.Supp.2d 551, 557 (S.D.N.Y. 2006); *Maven v. Artist,* 2008 WL 2201464, *4 (S.D.N.Y. May 23, 2008))(internal quotation marks omitted); *see, also,* 28 USC § 2254(c).

## CONCLUSION

For all of the above stated reasons, including those raised within the attached Memorandum of Law, your petitioner, Ulises Bonilla, urges this Court to grant the relief sought.

DATED: JUNE 20, 2016

Respectfully submitted,



Ulises Bonilla,
Green Haven Correctional Fac.
P.O. Box 4000
Stormville, N.Y.

TO:

Kathleen M. Rice
Nassau County DA
Counsel for Respondent
262 Old Country Road
Mineola, N.Y. 11501

PERFECTED BY:

**Prestige Paralegal**
Services, LLC
P.O. Box 226
Bronx, N.Y. 10462

15