# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D44946
O/htr

\_\_\_\_\_AD3d\_\_\_\_\_

Argued - February 24, 2015

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.

---

2012-05037

DECISION & ORDER

The People, etc., respondent, v Ulises Bonilla, appellant.

(Ind. No. 202/11)

---

Andrew E. MacAskill, Westbury, N.Y., for appellant.

Madeline Singas, Acting District Attorney, Mineola, N.Y. (Tammy J. Smiley and Laurie K. Gibbons of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered May 15, 2012, convicting him of murder in the second degree, rape in the first degree, sexual abuse in the first degree (two counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honorof, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and to sever certain counts in the indictment.

ORDERED that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the record supports the Supreme Court's finding that the defendant did not unequivocally request the assistance of counsel before making statements to law enforcement officials (*see People v Pinkney*, 48 AD3d 707, 707-708; *People v Thompson*, 271 AD2d 555; *People v Dehmler*, 188 AD2d 1056, 1057; *People v Diaz*, 161 AD2d 789; *People v Sanchez*, 117 AD2d 685, 686).

Moreover, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to sever certain counts in the indictment, since the nature of the proof for each

April 15, 2015

Page 1.

PEOPLE v BONILLA, ULISES

of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (see CPL 200.20[2][b]; *People v Bongarzone*, 69 NY2d 892, 895; *People v Dobbins*, 123 AD3d 1140; *People v Jackson*, 144 AD2d 488, 489). As the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (see CPL 200.20[3]; *People v Bongarzone*, 69 NY2d at 895; *People v Kirksey*, 107 AD3d 825).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and criminal possession of a weapon in the fourth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; *People v Danielson*, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410; *People v Bleakley*, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts, as well as the count of rape in the first degree, was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633).

BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.

ENTER:

*Aprilanne Agostino*
Clerk of the Court

April 15, 2015

PEOPLE v BONILLA, ULISES

Page 2.