# LAW OFFICE OF
# ANDREW E. MACASKILL

355 POST AVENUE, SUITE 201  
WESTBURY, NEW YORK 11590

TEL: (516) 214-4561  
E-MAIL: MACSLAW@OPTONLINE.NET

May 18, 2015

Honorable Jonathan Lippman  
Chief Judge, Court of Appeals  
20 Eagle Street  
Albany, New York 12207-1095

          RE:    *People v. Ulises Bonilla*  
                 Second Dep't Case #2012-05037

Dear Honorable Sir:

Pursuant to New York's Criminal Procedure Law and the Rules of this Court, please accept this letter as an application for leave to appeal, in the Court of Appeals, Appellant's judgment of conviction as recently affirmed by the Appellate Division, Second Department. To this end, please find enclosed a copy of Appellant's brief, Respondent's brief, and the Second Department's decision. No application was made to the Appellate Division.

On May 15, 2012 Appellant was convicted, upon a jury verdict, of murder in the second degree, rape in the first degree, two counts of sexual abuse in the first degree, one count of criminal possession of a weapon in the fourth degree, and endangering the welfare of a child. The County Court, Nassau County, sentenced Appellant to an indeterminate prison term ranging from 25 years to life for the second-degree murder conviction; to a determinate prison term of seven and a half years for the first-degree rape conviction, to be followed by 20 years of post-release supervision and to be served consecutive to the sentence imposed for the murder conviction; and the remaining prison and jail terms to be served concurrently with these two sentences. Such remaining terms, to run concurrent with each other, were imposed as follows: Four years for each of the first-degree sexual abuse convictions (each followed by ten years of post-release supervision) and one-year jail terms for each of the misdemeanor convictions (fourth-degree criminal possession of a weapon and endangering the welfare of a minor).

In affirming his judgment of conviction, the Second Department wrote of the issue raised in Appellant's brief concerning the police detectives' failure to honor Appellant's request for counsel prior to questioning,

> Contrary to the defendant's contention, the record supports the Supreme Court's finding that the defendant did not unequivocally request the assistance of counsel before making statements to law enforcement officials . . . [citations omitted].

However, as argued in Appellant's brief, pp. 52-53 (footnote omitted),

> Here, when Defendant asked if he could "make any phone calls" for the purpose of obtaining counsel, Detective Cereghino responded, "Ultimately, yes, you'll be able to make a phone call, but I'm asking you now if you want to speak with me without a lawyer being present." In other words, the detective seemed to think, Defendant could eventually have his phone call to speak with a lawyer, but not until the detective had questioned Defendant further. However, as shown by the cases, as soon as Defendant raised the question with Detective Cereghino, the detective should not have proceeded further in the absence of counsel for Defendant.

Indeed, the detective's response ("Ultimately, yes, you'll be able to make a phone call, but I'm asking you now if you want to speak with me without a lawyer being present") is effectively the same as the response to the defendant's question in the Woodard case, the defendant therein asking if he may "have Legal Aid," and the detective's response being, "You have a right to have a lawyer present, but I'm just asking you whether or not you wish to waive that right and speak to me. You have a right to waive that right if you wish." See Appellant's Brief, p. 53, citing *People v. Woodard*, 64 A.D.2d 517 at 517 (1st Dep't 1978).

As noted on the brief's page 53 also,

> [T]he court in *Woodard* found that the defendant's right to counsel had been violated where, having requested counsel, the detective was *prohibited from obtaining a waiver from the defendant in the absence of counsel* as well as from taking a statement. *Id.* at 518.

Appellant's Brief, on page 54, also quotes from this Court's decision in *People v. Cunningham*, 49 N.Y.2d 203 at 210 (1980), including the following:

> Although he [the defendant in *Cunningham*] subsequently indicated his willingness to forego his right to counsel without prompting from the police, his decision *cannot be deemed to represent an informed choice, since it was made in the absence of requested*

*counsel.* Having asserted his right to counsel, defendant was entitled to have the benefit of an attorney's advice before deciding whether to waive that right, and any statement obtained in violation of that principle should have been suppressed.

Given the similarities between the circumstances in Appellant's invocation of his right to counsel in the case at bar and those in connection with the defendants in the *Woodard* and *Cunningham* cases, I submit that this issue is worthy of a leave grant.

Consequently, I respectfully request that my client be given an opportunity to appeal his judgment of conviction, as affirmed by the Appellate Division, Second Department, in the Court of Appeals.

Finally, please note my new office address, as set forth above. The address on the brief is no longer correct.

Thank you for your time and consideration.

Sincerely yours,

Andrew E. MacAskill

AEM/hs
Enclosures

cc: Laurie K. Gibbons, Assistant Nassau County District Attorney
    Ulises Bonilla