

# OFFICE OF
# THE DISTRICT ATTORNEY
NASSAU COUNTY

MADELINE SINGAS
ACTING DISTRICT ATTORNEY

APPEALS BUREAU
TAMMY J. SMILEY, CHIEF

June 30, 2015

Honorable Eugene M. Fahey
Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

    Re:   *People v. Ulises Bonilla*
           Opposition to Defendant's Application for Leave to Appeal

Dear Judge Fahey:

    The People oppose defendant's application for permission to appeal to the Court of Appeals from an order of the Appellate Division, Second Judicial Department, dated April 15, 2015. That decision unanimously affirmed a judgment of the Supreme Court, Nassau County (Honorof, J., at pretrial hearings; Peck, J. at trial and sentencing), convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25[1]), rape in the first degree (Penal Law § 130.35[3]), sexual abuse in the first degree (two counts) (Penal Law § 130.65[3]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01[2]), and endangering the welfare of a child (Penal Law § 260.10[1]). The court sentenced defendant to an indeterminate term of imprisonment of twenty-five years to life on the murder count and a consecutive determinate sentence of seven and one-half years to be followed by twenty years' post-release supervision for the rape conviction. Sentences on the other counts were ordered to run concurrently with the first two sentences. Defendant's application, wherein he requests that this Court review one of the claims he advanced in his appeal to the Appellate Division, presents no leave-worthy issue.

    Defendant contends that the hearing court erred in denying suppression of the statement he made to police detectives. He claims that, after he was advised of his *Miranda* warnings and asked whether he was willing to answer questions, his responses to a detective that, "I don't know if I could call a lawyer or something," and "I don't know if I could call somebody to call me a lawyer or something," were an invocation of his right to counsel. Respondent's brief at 6-7, 57-58. As the Appellate Division found, however, "defendant did not unequivocally request the assistance of counsel before making statements to law enforcement officials." *People v. Bonilla*, 137 A.D.3d 985, 985 (2d Dept. 2015).

Honorable Eugene M. Fahey
Page 2
June 30, 2015

      In considering whether a defendant has asked to speak with an attorney before being questioned by the police, this Court has determined that "when the defendant's request is not unequivocal, the right to counsel does not attach." *People v. Glover*, 87 N.Y.2d 838, 839 (1995). As argued in respondent's brief at 59-63, defendant's responses to whether he was willing to answer a detective's questions were "consistent with a variety of interpretations." *People v. Mitchell*, 2 N.Y.3d 272, 276 (2004). Thus, when he wondered whether he should call someone who could call an attorney, "or something" (pretrial hearing minutes at 60-62; People's Exhibit 3 at 6-7), defendant "did not unequivocally inform the police of his intention to retain counsel." *People v. Hicks*, 69 N.Y.2d 969, 970 (1987). *Cf. People v. Porter*, 9 N.Y.3d 966, 967 (2007) (where an accused's statement, "I think I need an attorney," was found to be an unequivocal invocation of the right to counsel). Accordingly, the Appellate Division correctly determined, consistent with this Court's holding in *Glover*, that defendant's ambiguous comments were not a request to speak to counsel that would require suppression of subsequent statements made without having an attorney present.

      Leave is not warranted in this case. There is nothing new or novel about the assertions in defendant's application. They are the same contentions considered and rejected by the Appellate Division.

                                                   Very truly yours,

                                                   Donald Berk
                                                   Assistant District Attorney
                                                   Appeals Bureau

cc:  Andrew E. MacAskill, Esq.
      355 Post Avenue, Suite 201
      Westbury, New York 11590